## BROWNELL v. BURKE.

No. 11943—Opinion Filed Oct. 23, 1923.

Rehearing Denied Jan. 15, 1924.

1. **Damages—Elements and Measure—Duty to Instruct Jury.**

In every action for damages, the court should furnish the jury a rule by which to measure and fix the damages, and this rule should cover the different elements for which compensation may be awarded.

2. **Trial—Special Findings by Jury—Discretion of Court.**

Under section 21, art. 7, of the Constitution: "In all jury trials, the jury shall return a general verdict, and no law in force, nor any law hereafter enacted, shall require the court to direct the jury to make findings on particular questions of fact; but the court may, in its discretion, direct such special findings," it is not error for the trial court to refuse to direct the jury to make special findings.

3. **Carriers—Liability for Failure to Carry Passenger—Defense—Instructions.**

In an action by a passenger for damages against a common carrier for failure to carry, where the defendant seeks to avoid liability upon the grounds that the transfer line had been leased and was in the possession of, and being operated by, other parties at the time the cause of action arose, it is reversible error for the trial court to instruct the jury that although such transfer had, in fact, been made, the defendant would still be liable, unless the plaintiff had notice of such fact.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Cleveland County; George Allen, Judge.

Action by Mayme M. Burke against J. A. Brownell. Judgment for plaintiff. Defendant brings error. Reversed.

E. E. Glasco and Roy Glasco, for plaintiff in error.

Williams & Luttrell and Hutchin & Burke, for defendant in error.

Opinion by THOMPSON, C. This suit was instituted by Mayme M. Burke, defendant in error, as plaintiff, against J. A. Brownell, plaintiff in error, as defendant, in the county court of Cleveland county, Okla., for damages in the sum of $55.20 as actual damages, and $900 as exemplary damages, by petition filed in said court on the 22nd day of April, 1920.

The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

Plaintiff alleges in her petition that on the 13th day of April, 1920, the defendant was operating as a common carrier of passengers for hire, between the town of Lexington, Okla., and the city of Purcell, Okla., and that she notified defendant that she desired to be transported from Lexington to catch the north bound Santa Fe train at Purcell at six o'clock a. m., and that the

defendant agreed to so transport her, and that he willfully and maliciously failed to transport her, thereby causing her to miss her train and preventing her from attending the first meeting of the Grand Chapter of the Order of the Eastern Star, at McAlester, Okla., to which she was representative from her local chapter.

Defendant answered by general denial, and the cause was tried to a jury on the 28th day of June, 1920, and a verdict returned against the defendant for the sum of $250.

Motion for a new trial was filed and overruled by the court; exceptions reserved. Judgment for $250 was pronounced by the court upon the verdict of the jury, from which judgment the defendant appeals to this court.

The attorneys for defendant set up 24 assignments of error in their brief, but present them under five heads, which are as follows:

"First Proposition: The court erred in failing and refusing to instruct the jury upon the law as to plaintiff's measure of actual damages.

"Second Proposition: The court erred in refusing to give to the jury defendant's requested instruction No. 15.

"Third Proposition: The court erred in giving to the jury his instruction No. 6 and in refusing to give to the jury defendant's requested instruction No. 2.

"Fourth Proposition: The court erred in submitting the question of exemplary damages to the jury.

"Fifth Proposition: The court erred in admitting irrelevant, incompetent, and immaterial testimony in behalf of the plaintiff over the objections and exceptions of the defendant."

Upon the first proposition we cannot agree with counsel that the court did not, in any of his instructions, attempt to state, in any way, the law covering the measure of actual damages, but the instructions are too vague and indefinite, and he should have given an instruction based upon the statute, which statute is as follows:

"The detriment caused by the breach of a carrier's obligation to accept freight, messages, or passengers, is deemed to be the difference between the amount which he had a right to charge for the carriage, and the amount it would be necessary to pay for the same service when it ought to be performed."

And based upon the above statute we think the requested instruction No. 12:

"You are instructed that in case you find that defendant was a common carrier of passengers and held himself out as such and you further find that plaintiff has made out her case by a preponderance of the testimony and is entitled to recover, the measure of her recovery will be the difference between the amount which defendant had a right to charge for the carriage, and the amount it would be necessary to pay for the same service when it ought to be performed"

—should have been given, or one of like import, on the issue of actual damages. The above quoted instruction is almost in the exact language of the statute and there is no proper instruction, covering the measure of actual damages, anywhere in the instructions given, and we think it was error for the court to refuse to give the above instruction.

The Supreme Court of Oklahoma Territory, in the case of Willet v. Johnson, 13 Okla. 563, 76 Pac. 174, held:

"We think that in every damage suit the court ought to furnish the jury a rule by which to measure and fix the damages, and this rule ought to cover the different elements for which compensation may be awarded."

On the second proposition, we cannot agree with counsel for defendant for the reason that the Constitution of this state was adopted after the decision of the territorial court in the case of Atchison, T. & S. F. Railroad Co. v. Chamberlain, 4 Okla. 542, 46 Pac. 499, was rendered by the Supreme Court of Oklahoma Territory, and the language of the Constitution is:

"In all jury trials, the jury shall return a general verdict, and no law in force, nor any law hereafter enacted, shall require the court to direct the jury to make findings on particular questions of facts; the court may, in its discretion, direct such special findings."

This section of the Constitution has been construed by this court in the case of King v. Timmons, 23 Okla. 407, 100 Pac. 536, in which the court said that the statute, requiring the court to permit special interrogatories to be submitted to the jury at the request of litigants, being repugnant to the above section of the Constitution, was not extended to and did not remain in force in the state of Oklahoma, and that it was clearly within the discretion of the court as to whether or not special interrogatories should be submitted to the jury, and it was not error in the court to refuse the instruction complained of, under the second proposition argued by counsel for defendant.

The third proposition, where the defendant complains of the giving of instruction No. 6, which is as follows:

"You are instructed that some evidence has been adduced in this case to show that the defendant, J. A. Brownell, owner and proprietor of the transfer line after establishing such business and holding himself out to the world as a common carrier and as its proprietor had leased said line to his son, Albert Brownell, prior to the time this cause of action arose by oral contract and you are instructed in this connection that if you find that such transfer was in fact made and that it was a bona fide transaction in good faith that this fact alone would not relieve the defendant, J. A. Brownell, from liability in this case unless it was agreed in said contract and lease that said J. A. Brownell should be relieved from all liability in cases of this kind and that such liability shoud be assumed by the said Albert Brownell and that the said Albert Brownell held himself out to the world as the proprietor of said transfer line and this plaintiff had notice of such fact. But if you find that such transfer was made and that Albert Brownell held himself out as a common carrier and that plaintiff had knowledge of such fact, your verdict would be for defendant."

This makes it incumbent upon the defendant to show that the plaintiff had notice that the transfer line had been actually assigned to Albert Brownell, his son, prior to the time this cause of action arose, and charged the jury that if they found from the evidence that said transfer was in fact made and that if it were a bona fide transaction in good faith, this fact alone would not relieve the defendant from liability, unless it was agreed in said contract that defendant should be relieved from all liability in cases of this kind, and that such liability should be assumed by the said Albert Brownell, and that the said Albert Brownell held himself out to the world as the proprietor of said transfer line and this plaintiff had notice of such fact. This instruction cannot be sustained, as it is not founded upon reason or any law applicable to cases of this character, and is not supported by any legal authority in the brief of counsel for plaintiff, and is unlike a case where the rights of creditors are involved, and we think the giving of such instruction was prejudicial to the rights of the defendant in this action, as this was a disputed question, and the evidence in the case was very convincing, in our opinion, that there had been and was such a transfer from the defendant to his son, Albert Brownell, and in our view of the case this instruction was erroneous and should not

have been given, and constitutes reversible error.

On the fourth proposition, argued by counsel for defendant, we think there was sufficient evidence in the case to submit to the jury the question of exemplary damages and we cannot agree with counsel that the court erred in submitting this question of exemplary damages to the jury.

On the fifth proposition, we are of the opinion that the testimony complained of was admissible, under the issues in this case, as the question of whether there had been an actual bona fide transfer of the transfer line from the defendant to his son, Albert Brownell was directly in issue, and any fact tending to show that the transaction was not a bona fide transfer was admissible under the issues in this case.

Having determined that the court erred in the first and third propositions, submitted in brief of counsel, which constituted substantial error and was prejudicial to the rights of defendant in this case, we are therefore of the opinion that this cause should be and is hereby reversed for such errors, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.