## McALEER v. WADDELL-O'BRIEN MOTOR CO. et al.

No. 13553—Opinion Filed Sept. 23, 1924.

Rehearing Denied Dec. 16, 1924.

### 1. Appeal and Error—Notice of Appeal—Time.

Under section 782, Comp. Stat. 1921, it is provided that one desiring to have a judgment or final order of the lower court reviewed by the Supreme Court must give notice in open court at the time of the rendition of the final judgment or order, or within ten days thereafter, of his intention to appeal, and the filing of a useless and unauthorized motion does not operate to extend the time for such notice of appeal until such motion is passed upon.

### 2. Same—Time for Appeal.

Section 798, Comp. Stat. 1921, provides: "All proceedings for reversing, vacating, or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of," and the filing of a useless or unauthorized motion will not operate to prevent the running of the time in which an appeal must be perfected.

### 3. Same—Questions for Review.

Appellant failed to give notice of his intention to appeal from the judgment of the court overruling his motion for a new trial within the time provided by section 782, Comp. Stat. 1921. Thereafter he filed his motion to vacate the judgment rendered in the cause, and upon the court overruling the motion to vacate the judgment, appellant gave notice of his intention to appeal to this court. Held, the only question raised by the appeal is. Did the trial court err in overruling the motion to vacate the judgment theretofore rendered?

### 4. Judgment—Vacation—Lack of Statutory Grounds.

Section 810, Comp. Stat. 1921, confers upon district courts the power to vacate its judgments for reasons enumerated in the statutes, and where the motion to vacate does not assign as ground therefor any of the grounds set forth in section 810, the overruling of the motion is not error.

### 5. Appeal and Error—Discretion of Lower Court—Rule as to Signing Journal Entries.

Section 890, Comp. Stat. 1921, confers upon the Supreme Court authority to make rules governing district courts, and where the district court adopts a rule requiring a journal entry of judgment to be signed by counsel for both plaintiff and defendant, the enforcement of the rule is discretionary, and in the absence of gross abuse of such discretion, its order in the premises will be affirmed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by B. A. McAleer against the Waddell-O'Brien Motor Co., R. C. Cope, intervener. From a judgment for intervener, plaintiff appeals. Affirmed.

B. A. McAleer. for plaintiff in error.

McCaffrey & Smith, for defendant in error.

Opinion by RUTH, C. Plaintiff in error filed this action in the district court of Oklahoma county against the Waddell-O'Brien Motor Company, praying judgment on certain promissory notes, and at the same time attached certain property as the property of the defendant, and the property so attached included one Grant touring car. One R. C. Cope intervened in the cause, claiming ownership of the car, and filed his petition of intervention, which appears in the record as follows (omitting formal parts):

"R. C. Cope, being first duly sworn upon oath, states: The property hereinafter described has been attached by plaintiff in the above action, as the property of the defendant. That this affiant claims the following property which was so attached, to wit: one Grant touring car, 1920 model, serial No. 50988, motor No. S-2180, equipped with four Miller tires, motor meter, Simplex theft lock, and Wagner starter. That affiants claim to said property arises as follows: That affiant was and now is the owner of the above described property before the commencement of this action. * * *

"Wherefore, affiant asks that said attachment be discharged as to said property, and for such other relief as may be equitable. That he is entitled to immediate possession of the same."

"Signed R. C. Cope.
"Subscribed and sworn to before me this 29th day of April, 1921.

"Rose Jeffries,
"Notary Public.

"My commission expires October 24, 1924."

"[S-E-A-L]"

The indorsement shows filing mark of court clerk as of May 3, 1921. To this petition of intervention plaintiff demurred, and the same was by the court overruled, and plaintiff did not file answer, and after judgment rendered for plaintiff against the Waddell-O'Brien Motor 'Company, this cause was tried to a jury on the petition of intervention, and at the conclusion of the intervener's testimony, and after he had rested, plaintiff filed his demurrer to the evidence in the following words:

"Comes now the plaintiff, or the defendant in the intervening petition, B. A. McAleer, and demurs to the evidence of the intervener, R. C. Cope, for the reason that the evidence is not 'germane' to the issue raised by the plaintiff's intervening petition and for the further reason that the intervener has not complied with the statute, section 4701, and has no cause of action, and has not stated any cause of action."

After the demurrer was overruled, the plaintiff, McAleer, recalled witnesses for intervener for further cross-examination, and at the conclusion of such cross-examination plaintiff did not renew or refile his demurrer to the evidence, and the cause was submitted to the jury and the following verdict returned:

"We, the jury, impaneled and sworn in the above-entitled cause, do, upon our oaths, find for the intervener—that at the time of the attachment the automobile in question was the property of the intervener R. C. Cope."

The plaintiff within the time allowed did, on October 31, 1921, file his motion for a new trial, setting up all statutory grounds therefore, and in addition thereto, assigned the following grounds:

"(9) The judgment is erroneous in that it does not conform to the verdict. (10) The intervener's petition does not state a cause of action."

On November 19, 1921, the motion for a new trial was called for hearing, and disposition, and was by the court overruled.

It does not appear from the record that plaintiff gave notice in open court at the time of the rendition of judgment, or within 10 days thereafter, of his intention to appeal to the Supreme Court. On November 23, 1921, plaintiff filed a notice to vacate judgment and journal entry and for injunction in the following words:

"Comes now the plaintiff, B. A. McAleer, and moves the court to vacate, set aside, and hold for naught a purported judgment and journal entry filed in the above-styled case, on the 22nd day of November, 1921, and for an order enjoining and restraining the said R. C. Cope, his attorneys, or agents, from enforcing or attempting to enforce said purported judgment aforesaid, and prays that the same be stricken from the files, and for the reasons therefore alleges and states as follows:

"(1) The court was without jurisdiction, and authority to render said purported journal entry of judgment. (2) There was not, nor is there any such finding of fact, nor no such verdict of the jury as alleged in said judgment. (3) Said journal entry of judgment was filed in violation of the rules of this court. (4) The purported petition filed in this case by the said R. C. Cope, as an intervener, did not state a cause of action against the said B. A. McAleer. (5) The said R. C. Cope was never at any time a party to the above-styled cause of action. (6) Said purported judgment or order is void. (7) As a further reason, the mover refers to the record in the above-styled cause, and makes said record a part of this motion."

On June 7, 1922, being 49 days after the order and judgment overruling the motion for a new trial was made and entered, the court overruled the "motion to vacate and set aside judgment, etc." and plaintiff gave notice in open court of his intention to appeal to the Supreme Court, and the plaintiff was given 90 days within which to make and serve case-made, 10 days to suggest amendments, and five days thereafter .to sign and settle the same, 20 days to supersede. On February 13, 1922, plaintiff filed a "motion for sale of property attached" and asks the court to "grant an order authorizing the sheriff to sell the Grant touring car, or in lieu thereof that intervener R. C. Cope file a bond in the sum of $750 to abide the decision of the Supreme Court, and that upon filing of the bond R. C. Cope be "authorized to take possession of the car." This motion was by the court overruled. On June 10, 1922, the case-made was filed in the district court, and the appeal was filed in this court on July 3, 1922. Section 780, Comp. Stat. 1921, provides:

"The Supreme Court may reverse, vacate or modify judgments of the county court, superior, or district court, for error appearing on the record," etc.

Section 782, Comp. Stat. 1921, provides:

"The proceedings to obtain such reversal, vacation or modification shall be by petition in error filed in the Supreme Court setting forth the error complained of; but no summons in error shall be required, and the

party desiring to appeal shall give notice in open court either at the time the judgment is rendered or within ten days thereafter of his intention to appeal to the Supreme Court."

The motion for a new trial being overruled and judgment rendered November 19, 1921, and no notice of appeal being given until January 7, 1922, this court is without jurisdiction to consider on appeal any question raised during the trial or on motion for a new trial or that could or should have been raised and proper exceptions reserved, the giving of notice within ten days of intention to appeal being mandatory. Cates v. Miles, 67 Okla. 192, 169 Pac. 888; Holbert v. Patrick, 72 Okla. 25, 177 Pac. 566; Hunter v. Hughes. 77 Okla. 81, 186 Pac. 468; Emery Brothers v. Mutual Benefit Oil Co., 73 Okla. 94, 175 Pac. 210.

It is true plaintiff filed an instrument entitled "motion to vacate judgment and for injunction," which motion was overruled on January 7, 1922, at which time plaintiff gave notice of his intention to appeal. This motion was in the nature of a plea to the jurisdiction; misjoinder of parties; demurrer to petition; demurrer to evidence; and for injunction and is fully set out herein. What purpose this motion was intended to serve, or what authority under the statutes of this state existed for the filing of this motion, we are not advised by plaintiff in his brief. The purpose of a brief is to present to the court in concise form the points and questions in controversy, and, by a fair argument on the facts and the law of the case, to assist the court in arriving at a just and proper conclusion. Hoover v. State ex rel., 73 Okla. 112, 175 Pac. 117.

While our attention has not been called to a case where such a question arose, this court has frequently held that where a motion for a new trial was filed, where such a motion was not necessary, the filing of the motion did not operate to extend the time for giving notice of intention to appeal, but that the time for giving such notice dated from the date of the overruling of the motion and the rendition of the judgment complained of. Chestnut v. Overholser, 75 Okla. 190, 182 Pac. 683; Crawford v. Shintaffer, 92 Okla. 22, 217 Pac. 867.

Section 810, Comp. Stat. 1921, grants to the district courts power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, and enumerates the grounds upon which such order of vacation may be made. An examination of the motion to vacate the judgment, discloses no recital or allegation of the grounds enumerated in section 810, supra, authorizing the court to vacate its judgment. There is no allegation of fraud in obtaining the judgment, but counsel in his brief says "judgment was not rendered, signed, and filed of record according to law and rules of the court," and then sets forth what he alleges is rule 8 of the district court, as follows:

"An attorney receiving an order for judgment shall, within three days thereafter, furnish to the court clerk a form of journal entry thereof, which, except in case of default or dismissal, shall be evidenced by an 'O.K.' indorsed thereon, signed by the attorneys representing all parties to this action."

And the only comment made thereon, or error assigned is, in the words of plaintiff's brief, as follows:

"There is no O.K. on this judgment, nor is it signed by this plaintiff in error, but the attorneys for claimant wrote the name of B. A. McAleer on it."

Section 2, art. 7, Const. of Oklahoma, provides:

"The original jurisdiction of the Supreme Court shall extend to a general superintending and control over all inferior courts and all commissions and boards created by law."

Section 890, Comp. Stat. 1921, provides:

"The Justices of the Supreme Court shall meet every two years during the month of June, at the Capitol of the state, and revise their general rules, and make such amendments thereto as may be required to carry into effect the provisions of this Code, and shall make such further rules consistent therewith as they may deem proper. The rules so made shall apply to the Supreme Court, the district courts, the superior courts, the county courts, and all other courts of record."

In Haddock v. Johnson, 80 Okla. 252, 194 Pac. 1078, it is said:

"The force and effect of a duly authorized rule of the appellate court over an inferior court is well defined in the case of Thompson v. Hatch, 3 Pick. (Mass.) 512, where it is stated as follows: 'A rule of court thus authorized * * * has the force of law, and is binding upon the court, as well as upon the parties to an action. and cannot be dispensed with to suit the circumstances of any particular case.'"

In 6 Standard Encycl. Pleading 63, the same rule is announced, as follows:

"Rules have the force and effect of law, and are binding upon litigants and counsel, upon the court and its officers. A rule made

pursuant to statutory authority by an appellate court to govern the procedure in inferior courts is binding upon the latter."

Our attention is not directed by counsel to any rule such as is set forth in the brief ever having been promulgated by this court, nor does counsel attempt to direct our attention to any statutory authority for the adoption of such a rule by the district court. District courts, it is true, do formulate rules for their own benefit, and such rules are designed to facilitate the proper discharge of its own duties, and it has been held in M., K. & T. Ry. Co. v. Kidd, 146 Fed. 499 [6 Ind. Ter. 29, 88 S. W. 308]:

"When rules of such a character are disregarded, it is discretionary with the court whether it will enforce the prescribed penalty, and, in the absence of gross abuse of such discretion, its order in the premises will be respected on appeal or writ of error."

It would indeed be idle to argue that a courts power to sign a journal entry of its own judgment, and to cause the same to be recorded by the clerk, depended upon the whim or caprice of counsel to "O. K." the same. Such a rule would lead to an absurdity, and could not be binding upon the court.

Finding no error in the judgment of the trial court in overruling the plaintiff's motion to vacate the judgment theretofore entered, the judgment of the trial court in overruling the motion to vacate should be affirmed.

By the Court: It is so ordered.