### BURTON v. GRAVES et al.

No. 19718. Opinion Filed Jan. 8, 1929.

Hayson & Lukenbill, for plaintiff in error.

Clarence Myers and Chastain & Harris, for defendants in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by the plaintiff in error, as plaintiff below, wherein plaintiff sought a dissolution of a copartnership between plaintiff and defendants and an accounting, together with distribution of the assets, and for an appointment of a receiver to conserve the property during the pendency of the action. Issues were joined; the cause was tried to the court on the 14th day of February, 1927, and judgment rendered dissolving the partnership, settling the accounts, and directing a sale of the partnership assets by the receiver and ordering distribution of the pro-

ceeds. The assets of the partnership were sold by the receiver under the order of the court, and the sale thereof was, on the 17th day of March, 1927, by the court confirmed. The receiver filed his report, and on April 8, 1927, his report was approved, disbursement of funds ordered, and upon disbursement as therein ordered the receiver be discharged. On April 12, 1927, plaintiff moved the court to modify and correct the judgment on the grounds of error or mistake in the findings of fact incorporated in the journal entry of judgment. The record shows this motion was withdrawn and thereafter on February 23, 1928, said motion was refiled, and on March 9, 1928, the court overruled the same, to which ruling plaintiff excepted, gave notice of appeal in open court and was given time to make and serve case-made. The petition in error with case-made attached was filed in this court September 6, 1928. The petition in error contains three assignments of error. The first and third assignments are based upon the action of the trial court in overruling plaintiff's motion to modify the judgment, while the second alleged error assigned is the action of the trial court in rendering judgment against the plaintiff.

This court will not review the second assignment of error for two reasons: First, no motion for new trial was filed in the trial court bringing alleged errors to the attention of the trial court for review. Sac & Fox Oil Co. v. Owen, 133 Okla. 96, 271 Pac. 240; Malleck v. Thomas, 109 Okla. 95, 234 Pac. 1107; Federal Refining Co. v. Fortuna Oil Co., 77 Okla. 23, 185 Pac. 1080. Second, the appeal was not lodged in this court within six months from the date of the judgment as provided in section 798, C. O. S. 1921, nor is the time therefor extended by the filing of an unauthorized motion. McAleer v. Waddell-O'Brien Motor Co. et al., 105 Okla. 35, 231 Pac. 480; Butler v. Archard, 130 Okla. 241, 266 Pac. 1106.

The withdrawal of the motion filed on April 12, 1927, to correct the judgment left the record free from such motion and the judgment rendered in this cause became final at the expiration of the January, 1927, term of the court, at midnight before the first Monday in May, 1927, as provided in section 3072, C. O. S. 1921, and the jurisdiction of the court to modify this judgment was not invoked by the refiling of said motion on February 23, 1928, unless said motion comes within the provisions of section 810, C. O. S. 1921, by which the district court is given power to vacate or modify

its judgment or order at or after the term in which said judgment or order was made for the reason therein set forth. An examination of the motion to modify the judgment discloses in the grounds set forth do not come within the provisions under which the court is empowered to vacate or modify the judgment under section 810, supra, and it comes within the rule announced in the fourth paragraph of the syllabus in the case of McAleer v. Waddell-O'Brien Motor Co., supra, as follows:

"Section 810, Comp. Stat. 1921, confers upon district courts the power to vacate its judgments for reasons enumerated in the statutes, and where the motion to vacate does not assign as grounds therefor any of the grounds set forth in section 810, the overruling of the motion is not error."

The power of the court was not, then, invoked by the filing of the motion, and the overruling thereof, against which the first and third assignments of error are directed, was proper, and an appeal therefrom is manifestly frivolous and without merit. Howe v. Tarloshaw, 108 Okla. 182, 235 Pac. 594; Randol v. Harbour-Longmire. 127 Okla. 7, 259 Pac. 548.

For the reasons given, the motion to dismiss the appeal is sustained, and the appeal is dismissed.

Note.—See "Appeal and Error," 3 C. J. §850, p. 963, n. 90; §864, p. 968, n. 44; §865; p. 969, n. 46; §1050, p. 1054, n. 13; §1051, p. 1054. n. 20; §1536, p. 1389, n. 3; 4 C. J. §2382, p. 574, n. 77; "Judgments," 34 C. J. §491, p. 268, n. 49.