## SCHWARZE v. NEW AMSTERDAM CASUALTY CO. et al.

No. 18923. Opinion Filed Feb. 19, 1929.

Rehearing Denied March 26, 1929.

Robert W. Maupin, for plaintiff in error.

Max M. Fagin and Charles B. Selby, for defendants in error.

TEEHEE, C. Plaintiff in error, H. T. Schwarze, plaintiff below, on March 20, 1925, brought suit against defendants in error, A. C. Baxter, a real estate broker, and his surety, New Amsterdam Casualty Company, defendants below, to recover the sum of $1,000, which, it was alleged, defendant Baxter had wrongfully received as his commission in a sale by him made of certain property owned by plaintiff.

Plaintiff's allegations of fact, in substance, were that defendant Baxter was a real estate broker operating in Oklahoma City. Pursuant to the then existing law, chapter 205, S. L. 1923, he gave bond in the sum of $1,000, dated April 30, 1924, with the surety company as his surety, conditioned that he would conduct his business without fraud or fraudulent misrepresentations, and account for all monies received by him in sales made, and whereunder he and his surety were obligated to pay all damage to any person entitled thereto resulting from any breach of honesty in the course of his business with others to the extent of the liability fixed in the bond.

In January, 1924, plaintiff listed for sale certain property with defendant Baxter at a price of $6.000. Shortly thereafter Baxter informed plaintiff that he had secured a purchaser in one T. W. Gartrell, but who would not pay more than $5,000 for the property, which price plaintiff was by defendant Bax-

ter urged to accept, the terms of the offer of purchase at that price being $300 in cash and the balance to be evidenced by installment promissory notes and secured by a mortgage on the property. Upon plaintiff's agreement to sell at the price of $5,000, which defendant had represented was all he could secure for the property, defendant Baxter requested him to sign a statement which Baxter said was merely his authority to close the deal. Plaintiff signed this instrument without reading the same The sale was completed on March 8, 1924, there being delivered to plaintiff by defendant Baxter $200 in cash and the notes in the aggregate sum of $4.800. About the 1st of December 1924, the purchaser, Gartrell, desired to take up the outstanding notes with other and different notes, at which time defendant Baxter informed plaintiff that he had an interest in the notes given by Gartrell for the purchase of the property, and that Gartrell would leave with plaintiff a note for $900 signed by one Mrs. H. T. Sims for delivery to defendant. The $900 note was made to plaintiff's order. This was delivered to Baxter on December 3, 1924. as was the understanding. In January, 1925, plaintiff discovered that defendant had falsely and fraudulently misrepresented all the facts in relation to the sale of the property. He then learned that, instead of selling the property for $5;000, defendant Baxter had in fact sold the same for $6,000; that Baxter had retained $100 in cash and the last maturing notes aggregating $900, thus making $1,000 in excess of the purchase price which he had represented was all that Gartrell would pay; that defendant Baxter had forged plaintiff's name in indorsement of these notes, and that the paper signed by plaintiff which defendant represented to be his authority to close the deal for $5.000. was entirely of different tenor, the same being as follows:

"2-21 24.

"To Whom it May Concern:

"This is to certify that H F. Schwarze has this day give A. C. Baxter authority to sell his property located at 409 West 11th, Oklahoma City, for $5.000 net to him, and he to pay taxes out of said sum, any amount over and above this will be considered as commission on making this deal.

"H. F. Schwarze."

The foregoing narrative of the transaction and later developments were appropriately pleaded. whereupon plaintiff alleged liability of defendants in the sum of $1,000, this being the part of the purchase price fraudulently retained by defendant Baxter,

for which plaintiff prayed judgment against defendants jointly and severally with interest at 8 per cent per annum, from March 8, 1924, the date of the sale, and that if judgment be obtained against defendant Baxter alone, an order of delivery of the Sims note for $900 to plaintiff be made which he would accept as a credit on such judgment.

Defendant Baxter answered by general denial, and further admitted his employment by plaintiff to sell his property which was listed with this defendant at the price of $5,000 net, and pleaded the letter of February 21, 1924, set out in plaintiff's petition as an agreement whereunder he would receive as his commission for making the sale all in excess of that sum, which agreement he denied was fraudulently procured. He further pleaded that the sale was made at the time alleged by plaintiff, but that the same was so made with the knowledge of the plaintiff that he was retaining notes as his commission aggregating $911.20; that subsequently, on or about December 1, 1924, the purchaser paid the accrued interest to plaintiff on all of the outstanding purchase notes including those held by him, at which time plaintiff inquired of defendant Baxter the numbers of notes so held and their amounts, with the interest so paid being at that time adjusted between them, which was a ratification of the written agreement, by which accounting and ratification plaintiff waived all rights of action for any fraud alleged to have been practiced upon him; tnat at said time, also, upon the purchaser desiring to take up all outstanding purchase notes with other and different notes, plaintiff inquired of his attitude in the matter, whereupon he informed plaintiff that he would accept in lieu of the Gartrell notes the note signed by Mrs. H. T. Sims described in plaintiff's petition, which exchange was consummated and which note plaintiff knew was being given in lieu of the notes held by defendant Baxter so retained as his commission, all of which transactions were by plaintiff voluntarily made and with full knowledge of the circumstances, and thereupon prayed that plaintiff be denied relief. Defendant surety company answered by general denial.

Trial of the cause proceeded before a jury. By motion for a directed verdict, the surety company was eliminated from the cause for that the proof showed nonliability, as the sale out of which the litigation arose was had prior to the execution of the surety bond. As to defendant Baxter, the jury failed to agree, and the cause was set for another trial. Defendant Baxter thereupon amended his answer, alleging that under an oral agreement plaintiff had listed the property with him at $5,000, with defendant to have all above that sum as his compensation, which agreement was confirmed by the letter of February 21, 1924, pursuant whereto he was authorized to make a binding agreement with the purchaser, and that he made the sale under the oral agreement which was consummated pursuant to the written agreement. To this new matter plaintiff replied by a general denial. At the second trial, which was against defendant Baxter alone, there was a jury verdict and judgment thereon for defendant.

Preliminary to our consideration of plaintiff's grounds of complaint against the judgment, we are required to notice defendant's motion to dismiss this appeal, which is but a renewal of his former like motion. The appellate record shows denial thereof upon original presentation, which we regard as final. Cosden Oil & Gas Co. v. Moss, 131 Okla. 49, 267 Pac. 855.

Plaintiff's first complaint goes to the action of the trial court in directing a verdict for defendant New Amsterdam Casualty Company in the first trial. The evidence in relation to the surety company's liability clearly established that the sale of the property was made by defendant Baxter by more than a month prior to the execution of the bond. By the terms of the bond, the surety company's liability was prospective. In the absence of any provisions which clearly would indicate a retroactive operation, it could hardly be urged that liability under the bond would attach for delinquencies, if any, which had occurred prior to the establishment of the relationship of principal and surety. As was said in Bartlett v. Wheeler, 195 Ill. 445, 63 N. E. 169:

"The terms are all future. The language imports an undertaking relative to posterior transactions only, and it cannot be applied to antecedent ones without violating its natural sense. We are therefore of the opinion that the court erred in applying the bond to matters which arose before it was given.' See, also, United States v. Boyd, 15 Pet. 187, 10 L. Ed. 706."

In 32 Cyc. 74, it is said:

"But the contract of a surety is not retroactive and no liability attaches for defaults occurring before it is entered into, unless an intent to be so liable is indicated."

A number of cases are cited in support of the text. Clearly, therefore, the court did not err in sustaining the motion for a

directed verdict for the defendant surety company.

The first ground of complaint of the judgment in the second trial presented for our consideration is contained in the proposition stated by plaintiff, towit:

"The verdict and judgment is contrary to law and not sustained by sufficient evidence."

The proposition as stated is twofold, but the latter part is not before us, as the cause was submitted to the jury without challenge of the evidence, with the point not raised until the motion for a new trial, as it is well established that:

"Where a party submits his case to the jury without demurring to the evidence of his opponent, or asking a peremptory or instructed verdict thereon, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the finding is not presented for review by a motion for new trial alleging insufficiency of the evidence." Oklahoma State Bank v. Ward, 127 Okla. 45, 259 Pac. 644; Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Newton v. Okmulgee Grocery Co., 88 Okla. 184, 212 Pac. 423.

The first part of the proposition, namely, that the verdict and judgment is contrary to law, ordinarily requires an examination of the pleadings and findings of the court to determine whether or not the judgment rendered was proper and within the issues, and if so rendered, the same cannot be said to be contrary to law. Beam v. Farmers & Merchants Bank, 104 Okla. 158, 230 Pac. 881. As the plaintiff contends that the jury disregarded certain instructions given by the court and that certain requested instructions were by the court refused, these questions require our attention in addition to the limitation as set out in the above-cited case. Monahan v. Cornelson, 134 Okla. 95, 231 Pac. 1071. The complaint in that relation goes to the conclusions reached by the jury upon the question of whether or not defendant as a real estate broker violated his duty, and whether or not plaintiff had originally listed the property with defendant at $6,000, and thereafter agreed to accept $5,000, with defendant's compensation fixed by the agreement whereunder he was permitted to retain all in excess of the agreed purchase price. As these points were matters in issue under the pleadings and evidence upon which the jury was fully and fairly instructed, it could not be said that the jury acted in disregard of the instruc-

tions, for which reason the point thus urged finds no support under the record.

The further phase arising hereunder as to the refusal of certain requested instructions, upon our examination thereof in so far as they may have stated relevant rules of law, these were fully and fairly embodied in the instructions given by the court, for which reason this assignment of error is without basis. Shean v. Walden, 130 Okla. 51, 265 Pac. 141.

A further point is urged in that certain instructions given by the court were erroneous. Exception was taken by plaintiff against the instructions given as a whole, it being stated in the record as follows:

"To the giving of each of above instructions plaintiff, H F. Schwarze, objects and excepts and exceptions are by the court allowed."

The exception in that form is too general and does not bring to this court anything for review. National Bank of Hastings v. Oklahoma State Bank, 80 Okla. 239, 195 Pac. 768; Eisminger v. Beman, 32 Okla. 818, 124 Pac. 289. However, it may be observed we are of the opinion that the instructions given fully and fairly stated the law of the case.

A final contention is urged which may be regarded as affecting this phase of the case, in that the court committed error in refusing to submit certain special interrogatories to the jury in that such refusal was an abuse of discretion. It is sufficient to say, upon this point, that this was a matter of discretion of the court (Brownell v. Burke, 97 Okla. 50, 221 Pac. 1026), and as the special interrogatories dealt with phases necessarily involved in the conclusions to be reached by the jury in their verdict, we cannot say that there was an abuse of discretion in that premise.

For the foregoing reasons the judgment of the district court is affirmed.

REID, HERR, JEFFREY, AND LEACH, Commissioners, concur.

By the Court: It is so ordered.