## CHASE v. HOLLINGSWORTH.

No. 19681.   Opinion Filed Sept. 9, 1930.

Roach & Roach and Franklin H. Griggs, for plaintiff in error.

Hulette F. Aby, W. F. Tucker, and William H. Martin, for defendant in error.

LESTER, V. C. J.  The parties to this appeal appear as in the court below.

The plaintiff filed an action for debt on

rent in the justice court. Judgment was rendered in favor of the defendant, and an appeal was had to the court of common pleas of Tulsa county, where judgment was again rendered in favor of the defendant, from which judgment the plaintiff appeals to this court.

Neither the brief of the plaintiff nor the defendant attempts to inform this court of the issues tried and determined below; however, an examination of the record discloses that the plaintiff leased a residence to the defendant for one year and that the defendant remained in possession of the premises for eight months. The defendant paid the rent in full for this period of time and then removed therefrom for the reason that windows of the residence permitted strong currents of wind to enter to the great discomfiture of defendant and his infant children.

The plaintiff on appeal complains that the court erred in giving instruction No. 1, but we find from the record that no objection or exception was had to said instruction, and this court has uniformly held that instructions to the jury will not be examined by this court on appeal unless properly excepted to in the trial court. Kennedy v. Goodman, 39 Okla. 470, 135 Pac. 936.

It is contended by the plaintiff that he was entitled to a directed verdict, but the record fails to show that such a request was made by the plaintiff.

The plaintiff cites the case of Horton v. Early, 39 Okla. 99, 134 Pac. 436, wherein it is held in the leasing of a building for mercantile purposes there is no implied warranty that it is suitable or properly adapted for the uses to which it is applied, nor that it shall continue to be suitable for use or business, or safe from exposure to danger from the elements.

This case is not in point, for the reason that section 7370, C. O. S. 1921, provides:

"The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence."

In the instant case the premises were to be used for the occupation of defendant and his family, whereas in the above cited case the premises were to be used for mercantile purposes.

The question as to whether or not the building was reasonably repaired by plaintiff and rendered fit for its occupancy by the defendant and his family was left to the jury, and the jury decided this issue in favor of the defendant.

Judgment is affirmed.

MASON, C. J., and HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

RILEY and CLARK, JJ., absent.