## JORDAN FURN. CO. v. GRAHAM.

No. 22956.   Opinion Filed April 12, 1932.

Everest, McKenzie, Halley & Gibbons, for plaintiff in error.

H. G. Mackey, for defendant in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county, Okla., by the Jordan Furniture Company, defendant below, from a judgment rendered on jury verdict in favor of J. A. Graham, plaintiff below, for the sum of $350.43, with interest at the rate of six per cent. per annum from January 15, 1931, and $15.80 costs. The action was commenced in the lower court by the plaintiff filing a verified petition wherein he alleged a verbal contract of employment as collector and salesman for the Jordan Furniture Company, at a salary of $25 per week, plaintiff to furnish his own automobile and expenses and to receive four per cent. commission gross on all sales of furniture effected by him; alleging default in the payment of the amount due and praying for judgment for the sum of $339.47, as commission, and $6.32 balance due on salary. Defendant filed answer and cross-petition in the form of general denial, but admitting that the plaintiff was in the employ of the defendant for and during the time alleged in the petition, but that he was not employed for the salary and under the terms and conditions set out in plaintiff's petition; averring that under the contract of employment plaintiff was to receive nothing in the way of salary, but was to receive a commission on all his gross sales in the sum or amount of four per cent.; that said plaintiff was permitted to draw $100 per month as a drawing account to be charged against him, and the commission which he would earn as a salesman to be credited to his account; that when plaintiff left the employment of the defendant his commissions amounted to $344.11, and that plaintiff had drawn $25 per week, from October 1, 1929, to March 15, 1930, or the total sum of $600, leaving a balance due the defendant in the sum of $255.89. Plaintiff filed reply denying generally and specifically the allegations and statements contained in the said answer inconsistent with and contrary to the petition of the plaintiff, and specifically denied that he was indebted to the defendant in any amount whatsoever; praying that he have judgment as in his original petition set out. Upon the issues thus drawn the cause was tried to a jury, and at the close of the trial the defendant dismissed the claim for $255.89, and offered to confess judgment for the sum of $6.35, balance due on the salary. From the record it appears that the defendant presented certain requested instructions, or filed with the reporter certain written requested instructions, numbered one to three, inclusive; however, no action was taken by the court on these requested instructions, no refusal indorsed by the court, and no exceptions by the defendant appear in the record. At page 89 of the case-made, and immediately following the requested instructions referred to, appears the following recital:

"And thereupon, at the conclusion of all of the evidence, and in open court, it was agreed by the parties litigant, that the court could instruct the jury orally as to the law in said cause governing, and thereupon the court did give to the jury certain oral instructions as to the law in said cause, as follows:"

The material portions of the court's instructions to the jury, we quote as follows:

"Gentlemen of the Jury: In this action the plaintiff Graham has sued the Jordan Furniture Company, and in his petition the plaintiff alleges that he was employed by the defendant, the Jordan Furniture Company, to perform services as a saleman; that under the specific contract of employment he was to receive a salary of $25 per week, and four per cent. commission on the gross amount of his sales; that he entered into the services of the company under this contract of employment, and worked for it during the months of October, November, and December, 1929, and January, February and part of March, 1930, and that under the terms of this contract, he was to receive $25 per week for his services during that period of time and four per cent. commission on his sales, that the $25 per week has been paid to him, but that his four per cent. commission has not been paid, and that there is due to him under his contract upon the commissions $344.11. He also alleges in his petition that there is $6.32 balance due him on his salary for a couple of days in March of 1930.

"Now, the defendant admits that it owes the plaintiff in this case a balance of $6.32 on his drawing account, but denies that it owes him any commission on his sales for October, November, and December of 1929, and January, February, and March of 1930, or any part thereof. It contends that he was employed on a straight four per cent. commission, with a drawing account of $25 per week, and that his commissions did not equal $25 per week; that his commissions during this period of time amounted to $344.11, but that they paid him each week $25, paid him all the money that was due him except this $6.32, which they acknowledge they owe the plaintiff in this case. They further say that they tried to pay him the $6.32, but he wouldn't accept it, and, in the judgment of the court, they owe him $6.32, and upon that item you will be instructed to return a verdict in favor of the plaintiff for $6.32.

"Now, the contentions of the defendant are denied by the plaintiff.

"It is incumbent upon the plaintiff in this case to prove his contract by a preponderance of the evidence. He must satisfy this jury, by a preponderance of the evidence, that he had a specific contract with the defendant in this case to pay him $25 per week and four per cent. commission, on his sales. It is admitted here by all parties that he performed the services from October 1, 1929, to the 15th of March, 1930, so that the sole question for the jury to determine here is, What was the contract between the parties? It is incumbent on the plaintiff, as the court has told you, to prove his contract by a preponderance of the evidence, and if he fails to do it, he is not entitled to recover. If he does satisfy the jury, by a preponderance of the evidence, that it was to have this $25 per week salary and four per cent. commission, then he would be entitled to a judgment for $344.11 in addition to the $6.32. Now, you will determine that from all of the facts and circumstances that you have heard here. If the plaintiff fails to establish his contract as above stated, why your verdict must be for the defendant in this case."

No objections to the instructions were made by the defendant at the time and no exceptions appear in the record.

Jury verdict was rendered in favor of the plaintiff and against the defendant on the 15th day of January, 1931, judgment was entered on the verdict for the sum of $350.43, with interest at six per cent. per annum from date until paid, and for all costs taxed at $15.80. On January 17, 1931, motion for new trial was filed by the defendant, alleging, among other things, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; error in instructions of the court, to which exceptions were duly saved by defendant at the time; error in not giving instructions requested by the defendant, by reason of which errors and irregularities the defendant was prevented from having a fair trial. Motion for new trial was overruled on April 24, 1931, and the defendant duly perfected appeal to this court by filing petition in error and case-made on October 16, 1931. The assignments of error contained in the petition in error, and which are argued in the brief filed by plaintiff in error, are as follows:

"The court erred in overruling the motion of the defendant for new trial; error of law occurring at the trial and excepted to by defendant as follows; error of court in the instructions, to which exceptions were taken."

Defendant in error filed motion to dismiss the appeal on the grounds that the instructions given by the court fairly state the law applicable to the facts in the case, and were as fair to the plaintiff in error as the evidence warranted; that no exceptions were taken to the refusal of the court to give the requested instructions, and that the competent part of said requested instructions were included in and formed a part of the oral instructions given by the court; that the appeal is manifestly frivolous and without merit. Defendant in error attaches to his motion a certified copy of the supersedeas bond filed in said cause and the same is incorporated in the case-made.

This court has repeatedly held that it will not examine an instruction submitted to the

jury by the court unless such is properly excepted to by the complaining party. Chase v. Hollingsworth, 144 Okla. 200, 291 P. 105. In Sand Springs Ry. Co. v. Westhafer, 92 Okla. 89, 218 P. 525, paragraph 6 of the syllabus, this court announced the following rule:

"Where a party fails to reserve an exception to the refusal of the court to give an instruction requested in charge to the jury, an assignment of error predicated upon the refusal of the court to give the instructions requested will not be reviewed by this court."

It has been repeatedly held by this court that where the sufficiency of evidence is questioned, neither by demurrer nor by asking for an instructed verdict, the question of whether there is any evidence reasonably tending to support the verdict is not presented for review by motion for new trial. Farmers State Bank v. Hess, 138 Okla. 190, 280 P. 305; Schwarze v. New Amsterdam Casualty Co. of Maryland, 136 Okla. 51, 275 P. 640. In Burton v. Graves, 135 Okla. 35, 273 P. 898, this court held:

"Where, upon an examination of the record, petition in error, and the motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed."

Upon the record as filed in this court, and under the authorities the appeal is manifestly frivolous and without merit, and the motion to dismiss is sustained and the appeal dismissed.

Where an appeal is dismissed by the Supreme Court, the effect is to affirm the judgment of the trial court, and where the supersedeas bond is incorporated in the case-made, and certified copy is attached to the motion to dismiss and request is made for judgment thereon, this court will, at the time of dismissing the appeal, enter judgment upon the supersedeas bond and against the sureties thereon.

It is therefore ordered, adjudged, and decreed that the defendant in error, J. A. Graham, have judgment upon the supersedeas bond filed herein and against G. W. Jordan and W. V. Carter as sureties thereon, for the sum of $350.43, with interest at six per cent. per annum from January 15, 1931, until paid, and for costs.