### TURK BROS., Inc., et al. v. BREWER, Ex'x.

No. 22668. Opinion Filed May 24, 1932.

Mills & Cohen, for plaintiffs in error.

Randolph, Haver, Shirk & Bridges, for defendant in error.

PER CURIAM. This is an appeal from the district court of Tulsa county, Okla., by Turk Brothers, Inc., et al., defendants below, from a judgment rendered by the court in favor of the defendant in error, plaintiff below, on a promissory note, in the sum of $3,768.60, with interest at 8 per cent. per annum from January 27, 1931, attorney fee of $391.86 and costs assessed at $15.50.

Plaintiffs in error filed petition in error and case-made on August 1, 1931, and on August 4, 1931, defendant in error filed motion to dismiss the appeal on the grounds that the appeal is manifestly frivolous and without merit, and requesting judgment on the supersedeas bond. On October 13, 1931, upon application of plaintiffs in error, this court entered an order granting 60 days from said date in which to file brief, and on February 16, 1932, another order was entered granting plaintiff in error 30 days from said date to file brief. No brief nor response to the motion to dismiss the appeal has been filed by plaintiffs in error and no showing made why the same has not been filed, and in this situation the court may presume that plaintiffs in error have abandoned their appeal.

The action was instituted by defendant in error for recovery on a promissory note. The plaintiffs in error, as defendants below, first filed answer in the nature of an unverified general denial, and then an amended answer admitting the execution of the note, but alleging that the defendants were accommodation makers; and on January 4, 1930, the defendants filed a second amended answer alleging payment of the note. On January 27, 1931, a jury being waived, the case was tried to the court. The plaintiff introduced the note sued on, offered oral testimony tending to show ownership and that said note was unpaid and constituted an outstanding indebtedness of the defendants; whereupon, the defendants offered no evidence of any kind in support of any of the allegations contained in their answer filed, and the court rendered judgment for the plaintiff and against the defendants, and each of them, for the amount sued for, and ordered the note canceled in judgment. The court made a general finding that all of the allegations of the plaintiff's petition were true and that the defendants and each of them, are indebted to the plaintiff in the sum sued for, and rendered judgment accordingly. The defendants moved for a new trial on the following grounds, to wit:

"1. That the decision of the court is not sustained by sufficient evidence and is contrary to law.

"2. Errors of law occurring at the trial and excepted to by these defendants at the time."

The petition in error assigns the following grounds for reversal:

"1. That the court erred in rendering judgment in favor of the plaintiff and against the defendants for the reason that the said judgment is not sustained by sufficient evidence, and is contrary to law.

"2. That upon the evidence the court erred in not rendering judgment in favor of the defendants and against the plaintiff.

"3. The court erred in overruling the motion of the defendants for a new trial."

It has been repeatedly held by this court that where, in a law action, there is competent evidence reasonably tending to support the findings and judgment of the court, such judgment will not be disturbed on appeal. Oliphant v. Garman, 144 Okla. 147, 290 P. 181, and cases therein cited.

"Where, upon examination of the record, petition in error, and motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the same will be dismissed." Jordan Furniture Co. v. Graham, 156 Okla. 218, 10 P. (2d) 394; Farmers State Bank v. Hess, 138 Okla. 190, 280 P. 305; Schwarze v. New Amsterdam Casualty Co. of Maryland, 136 Okla. 51, 275 P. 640; Burton v. Graves, 135 Okla. 35, 273 P. 898; Bronaugh v. Exchange National Bank of Ardmore, 86 Okla. 220, 207 P. 728.

Upon the record as filed in this court and under the authorities cited, the appeal is manifestly frivolous and without merit, and the motion of the defendant in error to dismiss is sustained and the appeal dismissed.

Where an appeal is dismissed by the Supreme Court for the reason it is manifestly frivolous, the effect is to affirm the judgment of the trial court. The supersedeas bond with Turk Brothers, W. C. Turk, and E. Turk as principals and Mrs. Pauline Turk and L. E. Trope as sureties thereon, is incorporated in the case-made, and in the motion to dismiss defendant in error requests judgment on the supersedeas bond and against the sureties thereon.

It is therefore ordered, adjudged, and decreed that the defendant in error, Eugenia Brewer, executrix of the estate of Charles W. Brewer, deceased, have judgment upon the supersedeas bond filed and against Turk Bros. Inc., W. C. Turk, and E. Turk as principals and Mrs. Pauline Turk and L. E. Trope as sureties thereon, for the sum of $3,768.60, with interest at the rate of 8 per cent. per annum from January 27, 1931, attorney fees in the sum of $391.86, and costs assessed at $15.50, for which let execution issue.

Note.—See under (1), 2 R. C. L. 203; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title Appeal, § 172.