## HOCKSTEIN v. LEWIS.

No. 25658.    Oct. 8, 1935.

E. W. Smith, for plaintiff in error.

Stanley B. Catlett and Tom Payne, for defendant in error.

PER CURIAM. This action was instituted in the district court of Okmulgee county, by Zelma Lewis, now Cluck, against the defendant, J. Hockstein, doing business as Grand Leader Store, to recover damages on alleged false arrest and false imprisonment.

The plaintiff in her petition alleges that

on the 10th day of October, 1931, the plaintiff, Zelma Lewis, entered the store of the defendant and purchased a coat; that after examining the merchandise she purchased the coat at a price of $14.98; that she paid to the saleslady representing the defendant $15 in cash; that the saleslady did not return her change, and that the plaintiff, after waiting a few moments, walked out of the store, wearing the coat; that after 15 or 20 minutes after leaving the store, and while being in the near vicinity, the defendant sent the saleslady to plaintiff and requested the plaintiff to return, which the plaintiff did.

Upon entering the defendant's store, the defendant laid his hands upon the plaintiff and by force took the coat from her back, held her under arrest, and requested the officers to take her to the city jail and lock her up; that the plaintiff sent for her father, who came to the store to learn what the charge was; that the defendant refused to make a charge and the plaintiff was released. It is alleged that the arrest was false, without authority of law, and was malicious; that the plaintiff suffered great humiliation and mental suffering, and as the result of her wrongful arrest, on returning home, became very sick physically as a result of the shock and ran a temperature of 103 degrees; that she had always borne a good reputation in the community; that the same had injured her reputation, and she seeks judgment for damages.

The defendant denies all of the allegations, except that he was engaged in such business, and denies that the arrest was false and without authority; and alleges that the apprehension and detention was caused by reason of the fact that the plaintiff came from the rear of his store wearing a new coat from the stock; that she was observed as she was leaving the store wearing the coat belonging to the defendant's stock, and that the defendant had one of his salesladies follow her and to return the coat; that the plaintiff was placed in the custody of the officers for the larceny of the coat. The father of the plaintiff, accompanied by an officer, came to the store of the defendant and begged him to release her and agreed to pay for the damage done to the coat, which was agreed upon in the sum of $4, which amount he alleges was paid. The defendant alleges that the prosecution was dismissed and not followed out because of the compromise and settlement, and that the $4 that was paid as a settlement and with the understanding that the defendant would not press the charges against the plaintiff.

The matter was tried to a jury and a verdict was rendered for the plaintiff in the sum of $845 as actual damages. Exceptions were duly taken and this cause is now before this court on appeal.

The plaintiff in error relies upon two propositions:

First. The evidence is insufficient to support the verdict.

Second. The compromise and settlement brought about by the parties estops the plaintiff in error from maintaining an action for damages.

We have carefully examined the record in this case and find that there is competent evidence tending to support the verdict of the jury, while the plaintiff in error in his brief makes the assertion:

"In the first place it is a suit by a young girl against a Jewish merchant, and passion and prejudice, we feel, in a large measure caused the rendition of the verdict herein."

This statement might be true, yet we do not find anything in the record in support thereof. There is no complaint as to the instructions given by the court, and on examining the instructions, we find that the same were fair, if not favorable, to the plaintiff in error. There was competent testimony adduced by the defendant in error to the effect that she did not steal the coat, but that she had bought and paid for same, and there was competent testimony that the $4, which was admitted to be paid, was paid for the purpose of getting defendant in error released, and was not paid with the understanding and agreement that the plaintiff in error would not press the charges against the defendant in error.

In the case of Farmers State Bank v. Hess, 138 Okla. 190, 280 P. 305, this court said:

"In a law action tried to a jury, this court is without authority to review the evidence further than is necessary to determine whether or not there is any competent evidence reasonably tending to support the verdict of the jury."

In the case of Turk Bros., Inc., et al. v. Brewer, 157 Okla. 200, 11 P. (2d) 926, it is said:

"It has been repeatedly held by this court that where, in a law action, there is competent evidence reasonably tending to support the findings and judgment of the court,

such judgment will not be disturbed on appeal. Oliphant v. Garman, 144 Okla. 147, 290 P. 181, and cases therein cited."

Where there is competent testimony reasonably tending to support a verdict, we feel that the verdict should be sustained, and that this court should not invade the province of a jury.

It is therefore the judgment of this court that said cause be, and the same is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys J. B. Moore, W. D. Potter, and Marvin Shilling in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Moore and approved by Mr. Potter and Mr. Shilling, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.