Bertha B. HAYES, Plaintiff in Error,

v.

Lloyd J. KAY, Mary L. (Lee) Kay, d/b/a Kay's Fine Foods or Kay's Grill, Lula L. Procter, George B. Procter and Lillian Palmer Marsh, Defendants in Error.

No. 36878.

Supreme Court of Oklahoma.

Nov. 22, 1955.

Pierce, Pierce & Brook, Muskogee, for plaintiff in error.

Banker & Bonds, Muskogee, for defendants in error.

DAVISON, Justice.

This is an action for damages for personal injuries, brought by the plaintiff, Bertha B. Hayes, against the defendants, Lloyd J. Kay and Mary L. (Lee) Kay, d/b/a Kay's Fine Foods or Kay's Grill. The parties will be referred to as they appeared in the trial court. No consideration need be given other original defendants as to whom the case was dismissed.

The defendants operated a grill in Muskogee, Oklahoma. It was so constructed that along its south side there was a concrete walk seven inches above the parking area immediately south of the walk. The entrance to the cafe was in the southwest corner with the main double doors opening outwardly. Each door was 30 inches wide, the walkway, 33 inches. The walk, in front of the entrance was made of green concrete. The remainder of the walk and the parking slab were of natural or grey concrete.

On the afternoon of November 20, 1953, a clear bright day, at about 1:30 p. m., the plaintiff and a Mrs. Hawks riding in an automobile, owned and being driven by Mrs. Hawks, drove up to, and parked against, the edge of the walk for the purpose of patronizing the defendants' cafe. Plaintiff got out, walked to the front of the car and stepped up on the walk. When they reached the door, where the green concrete was, Mrs. Hawks stepped up on the walk and opened the door. To avoid being struck by the door, plaintiff stepped backward off the walk and fell. She received serious injuries which required several months of hospital treatment and from which she was permanently disabled.

This action was brought, seeking recovery of damages for those injuries which plaintiff alleged resulted from the negligence of defendants in constructing and maintaining the walk and entrance which was inherently dangerous and unsafe. The case was tried to a jury and resulted in a verdict and judgment for defendants. Plaintiff has perfected this appeal therefrom.

Plaintiff's contentions are stated in her brief as follows:

"It is our contention that when the facts are undisputed on the trial of a cause and a question is presented as to the existence of negligence and contributory negligence, and the facts which the evidence reasonably tend to establish are such that all reasonable men must draw the same conclusion from them, the case is one of law for the Court.

"We further contend that under the undisputed facts in this case all reasonable men would find the defendants guilty of negligence and the plaintiff free from negligence."

The record does not disclose that plaintiff objected, at any time in the trial court, to the submission of the case to the jury for determination. There was no motion for instructed verdict or for any action by the court different from that which was followed If it is plaintiff's position that the trial court should have directed a verdict in her favor, the question was not properly raised and preserved for consideration here. The rule established in this jurisdiction was stated as follows in the case of Chase v. Hollingsworth, 144 Okl. 200, 291 P. 105;

"Where, on appeal, it is alleged that the court below committed error in failing to direct a verdict and the record fails to show that such request was made by the losing party, this court will not review the failure of the court below to direct a verdict in favor of such party."

For the same reason, if plaintiff's position is that the verdict is not supported by the evidence, that contention also is untenable. However, the same conclusion would have been reached, had plaintiff properly objected and excepted in the trial court.

"We have often said that questions of negligence and of contributory negligence are questions of fact for the jury and the court's judgment thereon will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same." Elam v. Loyd, 201 Okl. 222, 204 P.2d 280, 281.

In this connection, the discussion of a very similar factual situation in the case of Seal v. Safeway Stores, Inc., 48 N.M. 200, 147 P.2d 359, 361, is of particular interest. It was there said that,

"The drop in elevation of some 3 or 4 inches from the paved walk to the paved parking space, where plaintiff was walking at the time of the accident, cannot be said to present a hidden or concealed danger for any person using it in broad daylight especially, and keeping a reasonable watch as to where he is walking, and with no unreasonable distractions. Certainly plaintiff, upon entering or leaving a store of this character, and undertaking to walk through and upon the parking grounds, must take notice that such changes in elevations are not uncommon and are to be expected."

In the case at bar, we fail to see how the defendants could have more information about the physical characteristics of the walk than did plaintiff. She had stepped up on it and had walked along its edge for several feet. She certainly was cognizant of her companion's stepping up on the walk to open the door. There was no defect in it, nor was there any detail that was not readily apparent even to a casual observer. The jury, as reflected by its verdict, came to this same conclusion.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

WELCH, J., concurs in result.